HERSEY, Judge.
Petitioner seeks a writ of certiorari to review an order of the circuit court dismissing an appeal from an order of a municipal code enforcement board.
Petitioner was charged with a violation of municipal ordinances of the Town of Davie, Florida, and, after hearing, an order was entered by the code enforcement board requiring abatement of the violation.
Petitioner then timely filed a petition for writ of certiorari in the circuit court. That petition provided as follows:
*964 Petitioner files this petition for writ of certiorari against the respondent to review the final order of the respondent entered July 13, 1982, copy attached hereto.
Petitioner would show the court that by reason of the present incapacitation of his undersigned counsel who is presently hospitalized, this petition is filed without the requisite supporting allegations so as to be in compliance with FS [166.061]. As soon as petitioner’s undersigned attorney is able, an amended petition will be filed.
Filing of the petition was followed by six months of record inactivity. On February 14, 1983, petitioner filed a pleading in the nature of a complaint for trial de novo and motion to amend petition for writ of certio-rari to reflect the correct pleading, a notice of appeal. On February 16, 1983, respondent filed its motion to dismiss.
After hearing, the lower tribunal acting in its appellate capacity entered an order dismissing the complaint with prejudice upon the following grounds:
That the present proceeding is governed by the provisions of § 162.11, Florida Statutes, and the Florida Rules of Appellate Procedure, and that the Petitioner has not complied with the Rules of Appellate Procedure respecting conduct of an appellate proceeding.
The stated basis for the present petition is the circuit court’s failure to treat the petition for writ of certiorari as a notice of appeal, as required by Rule 9.040(c) and Article V, Section 2(a) of the Florida Constitution. As a result, contends petitioner, the essential requirements of the law have not been observed and he has not been afforded due process of law. Standing alone, we would agree with this contention.
There was more involved, however, than this preliminary procedural defect. First, the record discloses that a copy of the petition was mailed to the Town of Davie but the record does not contain any showing that a copy was filed with the Clerk of the Code Enforcement Board as required by Rule 9.110(b), Florida Rules of Appellate Procedure; second, a record was never filed in the circuit court as in an appeal, nor were briefs served or filed during the six months following the filing of the petition; third, while the petition suggests the incapacity of petitioner’s counsel and predicts the possibility of delay, nonetheless no motion for extension of time for compliance with the appellate rules was ever filed; fourth, the ultimate late filing consisted of inappropriate pleadings concerning trial de novo; and fifth, on October 4, 1983, fourteen months after the original order was entered, no effective vehicle for appellate review had been presented or even postulated by petitioner.
In view of the fact that the trial court’s dismissal could have been based upon any one or all of these deficiencies, the issuance of a writ of certiorari by this court would be equivalent to a statement that the trial court departed from the essential requirements of law in dismissing review proceedings instituted in an incorrect fashion and pursued untimely with inappropriate pleadings. We are not prepared to take such a position.
We are not unsympathetic to petitioner nor to petitioner’s counsel. Were this a matter of first impression we might well have permitted amendment and granted the requisite extension of time for compliance with appropriate standards. However, situated as we are at the apex of the triangle of certiorari jurisdiction in this litigation, we are constrained by long established principles to withhold the writ.
CERTIORARI DENIED.
BERANEK and HURLEY, JJ., concur.